

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ISAIAH JACOB HOLMES,<br>    Petitioner, | §<br>§<br>§ |
| vs. | §     Civil Action No. 4:22-cv-03459-MGL |
| | § |
| COLONEL QUANDARA GRANT,<br>    Respondent, | §<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITION WITHOUT PREJUDICE
AND WITHOUT REQUIRING RESPONDENT TO FILE A RETURN**

    Isaiah Jacob Holmes (Holmes), proceeding pro se, filed a petition for writ of habeas corpus (Holmes's Petition) under 28 U.S.C. § 2241.

    This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss Holmes's Petition without prejudice and without requiring Respondent Colonel Quandara Grant (Grant) to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

    The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 2, 2022.  Holmes objected on November 18, 2022.  The Court has reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

Holmes objections center around his assertion that the state court has impermissibly delayed in prosecuting his state criminal case and otherwise fabricated the record.  He claims he "only sent [his] Petition to Federal entities because of the unlawfulness of the matter and that the[re's] no one to turn to in the 14 Judicial Circuit because they've proven to be unlawful.  Therefore I cannot trust that I would be heard."  Objections at 4.

The Court notes that it appears a preliminary hearing occurred in Holmes's case on October 14, 2022.  *See State v. Holmes*, 2022A0710200204 (Beaufort Cnty. Mag. 2022) (listing the disposition as "Preliminary Hearing Bound Over" on October 14, 2022).  Thus, his case appears to progress, even if at a pace slower than Holmes would prefer.  *See* S.C. R. Crim. P. 2(b) ("If the defendant requests a preliminary hearing, the hearing shall be held within ten days following the request"); 2(e) ("Any delay in the holding of a preliminary hearing shall not be the grounds for a delay in the prosecution of the case in the Court of General Sessions.").

Even though Holmes claims "the 14th Judicial Circuit is a disease of unlawfulness[,]" Objections at 4, he has failed to provide the State an opportunity to correct any infirmities.  *See Kane v. State of Va.*, 419 F.2d 1369, 1373 (4th Cir. 1970) (explaining that before seeking federal habeas relief, a state pretrial detainee must demand a speedy trial; the state must afterward fail to make a diligent effort toward a speedy trial; and the pretrial detainee must seek dismissal of his charges in state court).

Accordingly, the Court must provide the state court the opportunity to provide any adequate remedy. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").

Because Holmes has failed to show any special circumstances that empower the Court to interfere with state court proceedings before conviction—much less before he seeks relief from the state court—the Court will overrule his objections. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971) ("One is the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.").

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Holmes's Petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Grant to file a return.

To the extent Holmes seeks a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 30th day of March 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.